Eastern District of Kentucky
FILED

NOV 07 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

NOT RECOMMENDED FOR PUBLICATION
OR CITATION AS AUTHORITY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-CV-395-KSF

GLENN L. WILLIAMS     PLAINTIFF

VS:     **MEMORANDUM OPINION AND ORDER**

JOE W. BOOKER, JR., ET AL.     DEFENDANTS

\*\*   \*\*   \*\*   \*\*   \*\*

Glenn L. Williams, an individual presently in the custody of the Federal Bureau of Prisons (BOP) and confined at the Federal Medical Center (FMC) in Lexington, Kentucky, has filed a *pro se* civil rights complaint under 28 U.S.C. §1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), together with an application to proceed *in forma pauperis*. The motion will be granted by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

### CLAIMS

The plaintiff claims that his treatment at FMC-Lexington violates his rights (1) to due process; (2) to be free of discrimination; (3) under the Eighth Amendment prohibition against cruel and unusual punishment; (4) under the Rehabilitation Act and the Americans with Disabilities Act; and (5) in furtherance of a conspiracy, citing 42 U.S.C. §§1985 and 1996. He also claims (6) that the defendants have committed the state tort of negligence.

## DEFENDANTS

As defendants, the plaintiff names Warden Joe W. Booker and Clinical Director Dr. Michael J. Growse; he specifies that they are sued in their individual and official capacities.

## RELIEF REQUESTED

The plaintiff seeks injunctive and declaratory relief, as well as damages, including punitive damages.

## FACTUAL ALLEGATIONS

The plaintiff states that he was convicted of drug and firearms violations in the United States District Court for the Middle District of Tennessee and was sentenced to 262 months' imprisonment. He arrived at FMC-Lexington on March 29, 2002, with a history of diabetes and a 2001 transient ischemic attack (TIA). Because of overcrowding at the facility, he was placed in the Special Housing Unit of the prison, an area of inferior conditions and one ill-equipped to care for him.

Two weeks later, the plaintiff suffered "a major, sudden onset stroke," after which he was purportedly provided only minimal physical therapy. Documents exchanged in the BOP's administrative remedy process, as the plaintiff sought more medical attention, reveal that the defendants' position was that the plaintiff had reached the maximum benefit of such therapy and no more would benefit him. The plaintiff, however, claims that he has not been appropriately evaluated by outside experts and certain improvements in his movement show that he can improve further, if provided with proper treatment.

The plaintiff having alleged that his treatment by defendants rises to the level of a

constitutional violation and having demonstrated exhaustion of the BOP administrative process,[1]

**IT IS ORDERED** as follows:

(1) The defendants in this action are Joe W. Booker and Dr. Michael J. Growse, in their official and individual capacities.

(2) The Clerk in the divisional office in which the case lies shall prepare and issue summons for Joe W. Booker and Dr. Michael J. Growse, in their official and individual capacities; in addition to the summonses, the Clerk shall make 2 sets of copies of the summonses and mark one set to be served on the United States Attorney General and one set to be served on the United States Attorney for the Eastern District of Kentucky.

(3) The Divisional Clerk shall also prepare as many copies of the complaint as there are summonses and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(4) After the Lexington Clerk's office has prepared the summonses, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk in the Lexington Clerk's office shall hand-deliver said documents to the United States Marshal's office in Lexington.

---

[1] The Court takes judicial notice that the plaintiff filed a previous suit in this Court about the same stroke and after-care. In *Williams v. Bureau of Prisons*, Lex. No. 03-CV-145-JMH, the plaintiff admitted that he had not used the BOP administrative remedies available to him. Accordingly, on June 4, 2003, the action was dismissed, without prejudice, for his failure to do so, and the dismissal was affirmed on appeal, *Williams v. Federal Bureau of Prisons*, 86 Fed.Appx. 894 (6th Cir. 2004).

(5)     The Lexington Deputy Clerk making the delivery referenced in paragraph (4) to the United States Marshal's office shall obtain from the United States Marshal a Marshal's receipt for the hand-delivered documents, which receipt shall be entered into the record by the Clerk.

(6)     The United States Marshal shall serve a summons, complaint copy, and copy of this Order on each named defendant for whom a summons has been prepared and shall also serve copies of the documents on the United States Attorney General, in Washington, D.C., and on the United States Attorney for the Eastern District of Kentucky, all service to be made by certified mail, return receipt requested.

(7)     The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(8)     The plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(9)     For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This the 7th day of November, 2005.

_____KSF_____
KARL S. FORESTER, SENIOR JUDGE